IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Damien Edwards, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:22-cv-01721-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Brian Kendell, *Warden*; Carol Holmes, | ) | |
| *Major*; Nestacia Charles, *Classification* | ) | |
| *Case Manager*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Damien Edwards, a state prisoner proceeding *pro se* and *in forma pauperis*, filed

this action pursuant to 42 U.S.C. § 1983.[1]  (ECF Nos. 1; 3; 6; 7; 12).  In accordance with 28 U.S.C.

§ 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate

judge for all pretrial proceedings.  On August 25, 2022, the magistrate judge entered an order

authorizing the issuance and service of process against Defendants and directing the United States

Marshals Service to effect service.  (ECF No. 10).  The summonses were issued against all three

Defendants with a service deadline of November 23, 2022.  (ECF No. 11).  On October 6, 2022,

Defendants Brian Kendell and Carol Holmes appeared and filed a joint Answer to the Amended

Complaint.  (ECF No. 15).  However, on October 7, 2022, the summons as to Defendant Nestacia

Charles was returned unexecuted, indicating that Ms. Charles is "no longer at SCDC as an

employee."  (ECF No. 17).  Consequently, the magistrate judge issued an order on October 12,

2022, directing Plaintiff to provide additional information to better identify and locate Defendant

---

[1] Plaintiff initiated this action using a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  (ECF No. 1).  However, because Plaintiff does not challenge the validity of his confinement or its duration, *see Hill v. McDonough*, 547 U.S. 573, 579 (2006), the magistrate judge correctly ordered that Plaintiff's petition is more properly construed as a complaint pursuant to § 1983.  (ECF No. 3 at 1–2).  Accordingly, Plaintiff subsequently filed an Amended Complaint asserting his claim under § 1983.  (ECF No. 6).

Charles prior to the November 23rd service deadline.  (ECF No. 18).  The magistrate judge also warned Plaintiff that Defendant Charles may be dismissed as a party if not served by the deadline. *Id*. at 1.  To date, however, Plaintiff has failed to file any response to the magistrate judge's order or to provide any additional identifying information for Defendant Charles.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Defendant Charles as a party to this action based on Plaintiff's failure to effect service pursuant to Federal Rule of Civil Procedure 4(m).  (ECF No. 21).  The Report was mailed to Plaintiff at the address he provided to the court, (ECF No. 22), and has not been returned as undeliverable.  Therefore, Plaintiff is presumed to have received the Report.  Plaintiff was advised of his right to file objections to the Report.  (ECF No. 21 at 3). However, Plaintiff has filed no objections and the time to do so has now run.  This matter is now ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'"  *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is

not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, having thoroughly reviewed the Report and the record under the appropriate standards, the court, finding no clear error, **ADOPTS** the Report in its entirety (ECF No. 21), and incorporates it herein. Accordingly, Defendant Charles is hereby **DISMISSED** as a party to this action based on Plaintiff's failure to properly effect service pursuant to Rule 4(m). The clerk of court shall provide a filed copy of this order to Plaintiff at the address he provided to the court.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 21, 2022

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.